NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JESNEL BUTLER, | : | |
| Petitioner, | : | Civ. No. 20-10421 (RMB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID E. ORTIZ, | : | |
| Respondent. | : | |

**BUMB**, District Judge

　　Petitioner Jesnel Butler, a federal prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 without paying the filing fee or submitting an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a); therefore, this Court administratively terminated this action. (Order, Dkt. No. 2.) Petitioner has now paid the filing fee and the Court will reopen this matter for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. For the reasons discussed below, the Court will dismiss this matter for lack of jurisdiction.

I.　　THE PETITION

　　Petitioner asserts that he exhausted his administrative remedies on his claim that the

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

Bureau of Prisons ("BOP") erroneously applied a public safety factor of the greatest severity level to his custody classification because Petitioner never pled guilty to brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). (Pet., Dkt. No. 1 at 9.) Petitioner seeks removal of the public safety factor from his institutional file. (Id. at 7.)

II.   DISCUSSION

Habeas jurisdiction exists under 28 U.S.C. § 2241 where a federal prisoner challenges the execution of his sentence or challenges the fact or duration of his confinement. See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (jurisdiction exists under Section 2241 where a federal prisoner alleges "that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment"); see also Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (holding challenges to security designation and custody classification do not challenge fact or duration of confinement as required for § 2241 jurisdiction). Even if an erroneous security designation and custody classification prevents a prisoner's transfer to a minimum security camp, the claim is not cognizable under § 2241. Id. at 676; Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) ("Briley's instant claims—that the BOP staff … improperly applied a PSF to his security classification—are not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment" or the execution of his sentence.)

IV.   CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction.

**Dated:** <u>**February 2, 2022**</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
